UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CR-194-1-BR3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| BROCK V. WILLIAMSON | ) | |

This matter comes before the court on Defendant's 16 April 2008 motion to amend the judgment of 23 June 2006 to credit Defendant for time served in state custody. The government has filed a response in opposition to the motion.

Defendant was served and arrested in connection with outstanding state warrants on 7 March 2005. (Hr'g Tr. 14, Apr. 3, 2006). The warrants issued by the State of North Carolina charged Defendant with felony statutory rape, felony indecent liberties with a child, and felony kidnaping. (Hr'g Tr. 14). In conjunction with the arrest, law enforcement officers performed a protective sweep of Defendant's residence, and recovered a Bryco Arms pistol from underneath a corner of a mattress. (Hr'g Tr. 24-6). This resulted in Defendant's indictment under federal law on 21 July 2005 as being a felon in possession of a firearm. On 22 September 2005, Defendant was arrested on this federal charge, and thereafter at his detention hearing, the magistrate judge noted that because Defendant was in state custody, the issue of federal detention was moot. (9/27/05 Order). On 13 June 2006, after pleading guilty to being a felon in possession of a firearm, Defendant was sentenced in this court to thirty-three months imprisonment, among other things. Defendant subsequently appealed his sentence, which was affirmed by the United States Court of Appeals for the Fourth

Circuit on 5 November 2007.

Since his arrest, Defendant has remained in state custody pending resolution of his state charges, and as Defendant acknowledges, (Mot. ¶ 4), has not yet begun to serve his federal sentence. The instant motion seeks to amend his *federal* sentence, and credit him with time served in *state* custody.

Defendant does not cite to any statute or rule which gives this court authority to amend Defendant's sentence. Generally, a court may not modify a term of imprisonment after one has been imposed except (1) upon motion of the Director of the Bureau of Prisons, (2) pursuant to Rule 35 of the Federal Rules of Criminal Procedure, or (3) when the Sentencing Commission has subsequently lowered the applicable guideline range. 18 U.S.C. § 3582(c) (2008). None of these statutory exceptions are applicable here.

Credit toward imprisonment must be given to a defendant by the Attorney General, through the Bureau of Prisons, "for any time he has spent in official detention prior to the date the sentence commences-- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b) (2008), see also United States v. Wilson, 503 U.S. 329, 331 (1992). The Supreme Court held that this statute does not authorize a district court to award credit at sentencing, but that the Attorney General is to compute the credit after sentencing. Id. at 333-35. Thus, this court lacks authority to award any credit under § 3585(b), assuming it is otherwise applicable.

Finally, and most importantly, it is well established that a federal sentence does not begin to run while a prisoner is in state custody and that the state retains primary jurisdiction over the

2

prisoner, even when a defendant is produced to federal court on a writ of habeas corpus ad prosequendum, as was the case here. United States v. Evans, 159 F.3d. 908, 912 (4th Cir. 1998). Federal custody commences only when state authorities relinquish the prisoner, and the state sentence has been satisfied. Id. Presumably, Defendant will be credited on his state sentence with the time he has spent in state custody.

Defendants's motion to amend judgment is DENIED.

This 25 June 2008.

                                      W. Earl Britt
                                      Senior U.S. District Judge